**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

MARVIN WEINSTEIN

        Plaintiff,

vs.                                                                    **Case No. 1:21-cv-22781-DPG**

WELLS FARGO BANK, N.A.;
WELLS FARGO INSURANCE, INC.;
QBE SPECIALTY INSURANCE CO.;
QBE FIRST INSURANCE AGENSCY, INC. and
AMERICAN SECURITY INSURANCE COMPANY,

        Defendants.

_____/

**WELLS FARGO BANK, N.A. AND WELLS FARGO**
**INSURANCE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

Defendants Wells Fargo Bank, N.A. and Wells Fargo Insurance, Inc. (collectively, "Wells Fargo"), answers Marvin Weinstein's ("Plaintiff") Complaint and states as follows:

**INTRODUCTION**

1.     Wells Fargo admits that Plaintiff purports to bring a cause of action for damages suffered by Plaintiff stemming from Defendants' practices related to forced-placed insurance policies, but Wells Fargo denies that Plaintiff has stated a cause of action or is entitled to the relief sought or damages claimed in the Complaint.

2.     Wells Fargo denies the allegations and legal conclusions in paragraph 2 of the Complaint.

3.     Wells Fargo is without sufficient knowledge or information to admit or deny the allegations in paragraph 3 of the Complaint at this time and, therefore, denies the allegations.

4.     Wells Fargo admits that Wells Fargo Bank, N.A. is a national banking association and a subsidiary of Wells Fargo & Company. Wells Fargo accepts that Plaintiffs will use Wells

Fargo or Defendant to refer to Wells Fargo Bank, N.A. and any of its subsidiaries, affiliates, or divisions.

5.      Wells Fargo states that Wells Fargo Bank is not the successor to Wells Fargo Home Mortgage, Inc.  Wells Fargo Home Mortgage is a division of Wells Fargo Bank, N.A. and not a separate legal entity.

6.      Wells Fargo admits that it is the successor in interest to Wachovia Bank, N.A., which it acquired in 2008.

7.      Wells Fargo states that Wells Fargo Insurance, Inc. is an inactive foreign corporation with its principal address in Des Moines, Iowa.

8.      Wells Fargo denies the allegations and legal conclusions in Paragraph 8 of the Complaint.

9.      Wells Fargo is without sufficient knowledge or information to admit or deny the allegations in paragraph 9 of the Complaint at this time and, therefore, denies the allegations.

10.      Wells Fargo is without sufficient knowledge or information to admit or deny the allegations in paragraph 10 of the Complaint at this time and, therefore, denies the allegations.

11.      Wells Fargo states that paragraph 11 of the Complaint does not appear directed to Wells Fargo and, therefore, no response to paragraph 11 is required from Wells Fargo.  To the extent Plaintiff contends a response is required, Wells Fargo states that it is without sufficient knowledge or information to admit or deny the allegations in paragraph 11 of the Complaint and, therefore, denies the allegations.

12.      Wells Fargo is without sufficient knowledge or information to admit or deny the allegations in paragraph 12 of the Complaint at this time and, therefore, denies the allegations.

## JURISDICTION AND VENUE

13.    Wells Fargo admits that this matter was properly removed to this Court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.

14.    Wells Fargo admits that Plaintiff purports that the amount in controversy in this action is in excess of $30,000.00, excluding attorneys' fees, interest, and costs, but Wells Fargo denies that Plaintiff has stated a cause of action or is entitled to the relief sought or damages claimed in the Complaint.

15.    Wells Fargo admits that this matter was properly removed to this Court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.

16.    Wells Fargo admits that the actions at issue herein accrued in Miami-Dade County, Florida.

17.    Wells Fargo denies the allegations and legal conclusions in paragraph 17 of the Complaint.

## FACTUAL ALLEGATIONS

18.    Wells Fargo admits that Plaintiff purports to attach as Exhibit A to the Complaint, a copy of the Mortgage but, Wells Fargo states that this document speaks for itself. Wells Fargo denies any allegations in paragraph 18 of the Complaint to the extent inconsistent therewith.

19.    Wells Fargo admits that Plaintiff purports to attach as Exhibit B to the Complaint, a copy of a document entitled Notice of Transfer of Your Home Equity Mortgage Account Number Ending in 3025 but, Wells Fargo states that this document speaks for itself. Wells Fargo denies any allegations in paragraph 19 of the Complaint to the extent inconsistent therewith.

20.    Wells Fargo admits that it is a national banking association and a subsidiary of Wells Fargo & Company conducting business throughout North America.

21.     Wells Fargo denies the allegations and legal conclusions in paragraph 21 of the Complaint.

22.     Wells Fargo denies the allegations and legal conclusions in paragraph 22 of the Complaint.

23.     Wells Fargo denies the allegations and legal conclusions in paragraph 23 of the Complaint.

24.     Wells Fargo denies the allegations and legal conclusions in paragraph 24 of the Complaint.

25.     Wells Fargo admits that it obtained a lender placed insurance policy on the Property in 2010 after Plaintiff failed to provide proof of a homeowners' insurance policy as required by the Mortgage.

26.     Wells Fargo denies the allegations and legal conclusions in paragraph 26 of the Complaint.

27.     Wells Fargo admits that the cost of the premium for the lender placed insurance policy it obtained on the Property in 2010 after Plaintiff failed to provide proof of a homeowners' insurance policy as required by the Mortgage was $18,146.68.

28.     Wells Fargo is without sufficient knowledge or information to admit or deny the allegations in paragraph 28 of the Complaint at this time and, therefore, denies the allegations.

29.     Wells Fargo denies the allegations and legal conclusions in paragraph 29 of the Complaint.

30.     Wells Fargo denies the allegations and legal conclusions in paragraph 30 of the Complaint.

31.     Wells Fargo denies the allegations and legal conclusions in paragraph 31 of the Complaint.

32.     Wells Fargo is without sufficient knowledge or information to admit or deny the allegations in paragraph 32 of the Complaint at this time and, therefore, denies the allegations.

33.     Wells Fargo is without sufficient knowledge or information to admit or deny the allegations in paragraph 33 of the Complaint at this time and, therefore, denies the allegations.

34.     Wells Fargo is without sufficient knowledge or information to admit or deny the allegations in paragraph 34 of the Complaint at this time and, therefore, denies the allegations.

35.     Wells Fargo admits that it obtained a lender placed insurance policy on the Property in 2011 after Plaintiff failed to provide proof of a homeowners' insurance policy as required by the Mortgage.

36.     Wells Fargo admits that the cost of the premium for the lender placed insurance policy it obtained on the Property in 2011 after Plaintiff failed to provide proof of a homeowners' insurance policy as required by the Mortgage was $18,197.32.

37.     Wells Fargo is without sufficient knowledge or information to admit or deny the allegations in paragraph 37 of the Complaint at this time and, therefore, denies the allegations.

38.     Wells Fargo states that paragraph 38 of the Complaint refers to a document which speaks for itself, and Wells Fargo denies any allegations in paragraph 38 of the Complaint to the extent inconsistent therewith.

39.     Wells Fargo denies the allegations and legal conclusions in paragraph 39 of the Complaint.

40.     Wells Fargo states that paragraph 40 of the Complaint appears to refer to a document, which speaks for itself, and Wells Fargo denies any allegations in paragraph 40 of the Complaint to the extent inconsistent therewith.

41.     Wells Fargo admits that it obtained a lender placed insurance policy on the Property in 2012 after Plaintiff failed to provide proof of a homeowners' insurance policy as required by the Mortgage.  Wells Fargo denies any remaining allegations in paragraph 41 of the Complaint.

42.     Wells Fargo is without sufficient knowledge or information to admit or deny the allegations in paragraph 42 of the Complaint at this time and, therefore, denies the allegations.

43.     Wells Fargo is without sufficient knowledge or information to admit or deny the allegations in paragraph 43 of the Complaint at this time and, therefore, denies the allegations.

44.     Wells Fargo denies the allegations and legal conclusions in paragraph 44 of the Complaint.

45.     Wells Fargo is without sufficient knowledge or information to admit or deny the allegations in paragraph 45 of the Complaint at this time and, therefore, denies the allegations.

46.     Wells Fargo is without sufficient knowledge or information to admit or deny the allegations in paragraph 46 of the Complaint at this time and, therefore, denies the allegations.

47.     Wells Fargo is without sufficient knowledge or information to admit or deny the allegations in paragraph 47 of the Complaint at this time and, therefore, denies the allegations.

48.     Wells Fargo is without sufficient knowledge or information to admit or deny the allegations in paragraph 48 of the Complaint at this time and, therefore, denies the allegations.

49.     Wells Fargo is without sufficient knowledge or information to admit or deny the allegations in paragraph 49 of the Complaint at this time and, therefore, denies the allegations.

50.     Wells Fargo is without sufficient knowledge or information to admit or deny the allegations in paragraph 50 of the Complaint at this time and, therefore, denies the allegations.

51.     Wells Fargo is without sufficient knowledge or information to admit or deny the allegations in paragraph 51 of the Complaint at this time and, therefore, denies the allegations.

52.     Wells Fargo is without sufficient knowledge or information to admit or deny the allegations in paragraph 52 of the Complaint at this time and, therefore, denies the allegations.

53.     Wells Fargo is without sufficient knowledge or information to admit or deny the allegations in paragraph 53 of the Complaint at this time and, therefore, denies the allegations.

54.     Wells Fargo is without sufficient knowledge or information to admit or deny the allegations in paragraph 54 of the Complaint at this time and, therefore, denies the allegations.

55.     Wells Fargo states that paragraph 55 of the Complaint refers to a document which speaks for itself, and Wells Fargo denies any allegations in paragraph 55 of the Complaint to the extent inconsistent therewith.

56.     Wells Fargo is without sufficient knowledge or information to admit or deny the allegations in paragraph 56 of the Complaint at this time and, therefore, denies the allegations.

57.     Wells Fargo denies the allegations and legal conclusions in paragraph 57 of the Complaint.

58.     Wells Fargo admits that Plaintiffs purport to attach as Exhibit C to the Complaint, a Wells Fargo statement but, Wells Fargo states that this document speaks for itself and Wells Fargo denies any allegations in Paragraph 58 of the Complaint to the extent inconsistent therewith.

59.     Wells Fargo states that paragraph 59 of the Complaint refers to a document which speaks for itself, and Wells Fargo denies any allegations in paragraph 59 of the Complaint to the extent inconsistent therewith.

60.     Wells Fargo is without sufficient knowledge or information to admit or deny the allegations in paragraph 60 of the Complaint at this time and, therefore, denies the allegations.

61.     Wells Fargo states that paragraph 61 of the Complaint refers to a document which speaks for itself, and Wells Fargo denies any allegations in paragraph 61 of the Complaint to the extent inconsistent therewith.

62.     Wells Fargo denies the allegations and legal conclusions in paragraph 62 of the Complaint.

63.     Wells Fargo states that paragraph 63 of the Complaint refers to a document which speaks for itself, and Wells Fargo denies any allegations in paragraph 63 of the Complaint to the extent inconsistent therewith.

64.     Wells Fargo states that paragraph 64 of the Complaint refers to a document which speaks for itself, and Wells Fargo denies any allegations in paragraph 64 of the Complaint to the extent inconsistent therewith.

65.     Wells Fargo admits that it obtained a lender placed insurance policy on the Property in 2021 after Plaintiff failed to provide proof of a homeowners' insurance policy as required by the Mortgage.  Wells Fargo denies any remaining allegations in paragraph 65 inconsistent therewith.

66.     Wells Fargo is without sufficient knowledge or information to admit or deny the allegations in paragraph 66 of the Complaint at this time and, therefore, denies the allegations.

67.     Wells Fargo denies the allegations and legal conclusions in paragraph 67 of the Complaint.

68.     Wells Fargo denies the allegations and legal conclusions in paragraph 68 of the Complaint.

69.     Wells Fargo denies the allegations and legal conclusions in paragraph 69 of the Complaint.

70.     Wells Fargo denies the allegations and legal conclusions in paragraph 70 of the Complaint.

71.     Wells Fargo denies the allegations and legal conclusions in paragraph 71 of the Complaint.

72.     Wells Fargo denies the allegations and legal conclusions in paragraph 72 of the Complaint.

73.     Wells Fargo denies the allegations and legal conclusions in paragraph 73 of the Complaint.

74.     Wells Fargo denies the allegations and legal conclusions in paragraph 74 of the Complaint.

75.     Wells Fargo denies the allegations and legal conclusions in paragraph 75 of the Complaint.

76.     Wells Fargo denies the allegations and legal conclusions in paragraph 76 of the Complaint.

77.     Wells Fargo denies the allegations and legal conclusions in paragraph 77 of the Complaint.

78.     Wells Fargo denies the allegations and legal conclusions in paragraph 78 of the Complaint.

79.     Wells Fargo denies the allegations and legal conclusions in paragraph 79 of the Complaint.

80.     Wells Fargo denies the allegations and legal conclusions in paragraph 80 of the Complaint.

81.     Wells Fargo denies the allegations and legal conclusions in paragraph 81 of the Complaint.

## COUNT I-BREACH OF CONTRACT

82.     Wells Fargo incorporates by reference its responses to paragraphs 1 through 81 of the Complaint as though fully restated herein.

83.     Wells Fargo admits that Plaintiff purports to bring this cause of action against Wells Fargo, but Wells Fargo denies that Plaintiff has stated a cause of action or is entitled to the relief sought or damages claimed in the Complaint.

84.     Wells Fargo denies the allegations and legal conclusions in paragraph 84 of the Complaint.

85.     Wells Fargo denies the allegations and legal conclusions in paragraph 85 of the Complaint.

86.     Wells Fargo denies the allegations and legal conclusions in paragraph 86 of the Complaint.

87.     Wells Fargo denies the allegations and legal conclusions in paragraph 87 of the Complaint.

88.     Wells Fargo denies the allegations and legal conclusions in paragraph 88 of the Complaint.

89.     Wells Fargo denies the allegations and legal conclusions in paragraph 89 of the Complaint.

90.     Wells Fargo denies the allegations and legal conclusions in paragraph 90 of the Complaint.

91.     Wells Fargo denies the allegations and legal conclusions in paragraph 91 of the Complaint.

Wells Fargo denies the allegations and legal conclusions of the Wherefore Clause following Count I of the Complaint, and further denies that Plaintiff has stated a cause of action or is entitled to the relief sought or damages claimed in the Complaint.

## COUNT II-
## BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

92.     Wells Fargo incorporates by reference its responses to paragraphs 1 through 81 of the Complaint as though fully restated herein.

93.     Wells Fargo admits that Plaintiff purports to bring this cause of action against Wells Fargo, but Wells Fargo denies that Plaintiff has stated a cause of action or is entitled to the relief sought or damages claimed in the Complaint.

94.     Wells Fargo is without sufficient knowledge or information to admit or deny the allegations in paragraph 94 of the Complaint at this time and, therefore, denies the allegations.

95.     Wells Fargo denies the allegations and legal conclusions in paragraph 95 of the Complaint.

96.     Wells Fargo denies the allegations and legal conclusions in paragraph 96 of the Complaint.

97.     Wells Fargo denies the allegations and legal conclusions in paragraph 97 of the Complaint.

98.     Wells Fargo denies the allegations and legal conclusions in paragraph 98 of the Complaint.

99.     Wells Fargo denies the allegations and legal conclusions in paragraph 99 of the Complaint.

Wells Fargo denies the allegations and legal conclusions of the Wherefore Clause following Count II of the Complaint, and further denies that Plaintiff has stated a cause of action or is entitled to the relief sought or damages claimed in the Complaint.

## COUNT III-FRAUD

100.    Wells Fargo incorporates by reference its responses to paragraphs 1 through 81 of the Complaint as though fully restated herein.

101.    Wells Fargo admits that Plaintiff purports to bring this cause of action against Wells Fargo, but Wells Fargo denies that Plaintiff has stated a cause of action or is entitled to the relief sought or damages claimed in the Complaint.

102.    Wells Fargo admits that it is bound by the terms of the Equity Line.  Wells Fargo denies the remaining allegations in paragraph 102 of the Complaint inconsistent therewith.

103.    Wells Fargo denies the allegations and legal conclusions in paragraph 103 of the Complaint.

104.    Wells Fargo states that paragraph 104 of the Complaint refers to documents which speak for themselves, and Wells Fargo denies any allegations in paragraph 104 of the Complaint to the extent inconsistent therewith.

105.    Wells Fargo denies the allegations and legal conclusions in paragraph 105 of the Complaint.

106.    Wells Fargo denies the allegations and legal conclusions in paragraph 106 of the Complaint.

107.    Wells Fargo denies the allegations and legal conclusions in paragraph 107 of the Complaint.

108.    Wells Fargo denies the allegations and legal conclusions in paragraph 108 of the Complaint.

Wells Fargo denies the allegations and legal conclusions of the Wherefore Clause following Count III of the Complaint, and further denies that Plaintiff has stated a cause of action or is entitled to the relief sought or damages claimed in the Complaint.

## COUNT IV-CIVIL LIABILITY FOR CRMININAL PRACTICES (EXTORTION)

109.    Wells Fargo incorporates by reference its responses to paragraphs 1 through 81 of the Complaint as though fully restated herein.

110.    Wells Fargo admits that Plaintiff purports to bring this cause of action against Wells Fargo, but Wells Fargo denies that Plaintiff has stated a cause of action or is entitled to the relief sought or damages claimed in the Complaint.

111.    Wells Fargo states that paragraph 111 of the Complaint purports to quote portions of Fla. Stat. §772.104 and §772.102, which speak for themselves.  Wells Fargo denies any allegations in paragraph 111 of the Complaint to the extent inconsistent therewith.

112.    Wells Fargo states that paragraph 112 of the Complaint purports to quote portions of Fla. Stat. §836.05, which speaks for itself.  Wells Fargo denies any allegations in paragraph 112 of the Complaint to the extent inconsistent therewith.

113.    Wells Fargo denies the allegations and legal conclusions in paragraph 113 of the Complaint.

114.    Wells Fargo denies the allegations and legal conclusions in paragraph 114 of the Complaint.

115.    Wells Fargo denies the allegations and legal conclusions in paragraph 115 of the Complaint.

116.    Wells Fargo denies the allegations and legal conclusions in paragraph 116 of the Complaint.

Wells Fargo denies the allegations and legal conclusions of the Wherefore Clause following Count IV of the Complaint, and further denies that Plaintiff has stated a cause of action or is entitled to the relief sought or damages claimed in the Complaint.

<u>**COUNT V-UNJUST ENRICHMENT**</u>

117.    Wells Fargo incorporates by reference its responses to paragraphs 1 through 81 of the Complaint as though fully restated herein.

118.    Wells Fargo admits that Plaintiff purports to bring this cause of action against Wells Fargo, but Wells Fargo denies that Plaintiff has stated a cause of action or is entitled to the relief sought or damages claimed in the Complaint.

119.    Wells Fargo denies the allegations and legal conclusions in paragraph 119 of the Complaint.

120.    Wells Fargo denies the allegations and legal conclusions in paragraph 120 of the Complaint.

121.    Wells Fargo denies the allegations and legal conclusions in paragraph 121 of the Complaint.

122.    Wells Fargo denies the allegations and legal conclusions in paragraph 122 of the Complaint.

Wells Fargo denies the allegations and legal conclusions of the Wherefore Clause following Count V of the Complaint, and further denies that Plaintiff has stated a cause of action or is entitled to the relief sought or damages claimed in the Complaint.

## COUNT VI-VIOLATION OF THE TRUTH IN LENDING ACT

123.    Wells Fargo incorporates by reference its responses to paragraphs 1 through 81 of the Complaint as though fully restated herein.

124.    Wells Fargo admits that Plaintiff purports to bring this cause of action against Wells Fargo, but Wells Fargo denies that Plaintiff has stated a cause of action or is entitled to the relief sought or damages claimed in the Complaint.

125.    Wells Fargo states that paragraph 125 of the Complaint purports to quote portions of 15 U.S.C. §1601, *et seq.*, which speaks for itself.  Wells Fargo denies any allegations in paragraph 125 of the Complaint to the extent inconsistent therewith.

126.    Wells Fargo states that paragraph 126 of the Complaint purports to quote portions of 15 U.S.C. §1601, *et seq.*, which speaks for itself.  Wells Fargo denies any allegations in paragraph 125 of the Complaint to the extent inconsistent therewith.

127.    Wells Fargo denies the allegations and legal conclusions in paragraph 127 of the Complaint.

128.    Wells Fargo states that paragraph 128 of the Complaint purports to refer to portions of 15 U.S.C. §1601, *et seq.*, which speaks for itself.  Wells Fargo denies any allegations in paragraph 128 of the Complaint to the extent inconsistent therewith.

129.     Wells Fargo states that paragraph 129 of the Complaint purports to quote portions of 15 U.S.C. §1632(a); 12 C.F.R. §226.5(a)(1), which speak for themselves.  Wells Fargo denies any allegations in paragraph 129 of the Complaint to the extent inconsistent therewith.

130.     Wells Fargo states that paragraph 130 of the Complaint purports to quote portions of 12 C.F.R. §1026.17(c)(1) which speaks for itself.  Wells Fargo denies any allegations in paragraph 130 of the Complaint to the extent inconsistent therewith.

131.     Wells Fargo denies the allegations and legal conclusions in paragraph 131 of the Complaint.

132.     Wells Fargo denies the allegations and legal conclusions in paragraph 132 of the Complaint.

133.     Wells Fargo denies the allegations and legal conclusions in paragraph 133 of the Complaint.

Wells Fargo denies the allegations and legal conclusions of the Wherefore Clause following Count VI of the Complaint, and further denies that Plaintiff has stated a cause of action or is entitled to the relief sought or damages claimed in the Complaint.

## COUNT VII-
## VIOLATION OF THE REAL ESTATE SETTLEMENT PROCEDURES ACT

134.     Wells Fargo incorporates by reference its responses to paragraphs 1 through 81 of the Complaint as though fully restated herein.

135.     Wells Fargo admits that Plaintiff purports to bring this cause of action against Wells Fargo, but Wells Fargo denies that Plaintiff has stated a cause of action or is entitled to the relief sought or damages claimed in the Complaint.

136.     Wells Fargo states that paragraph 136 of the Complaint purports to quote portions of 2062(1)(B)(i) of the Real Estate Settlement and Procedure Act, 12 U.S.C. §2061 *et seq.,* which

speaks for itself.  Wells Fargo denies any allegations in paragraph 136 of the Complaint to the extent inconsistent therewith.

137.     Wells Fargo states that paragraph 137 of the Complaint purports to quote portions of RESPA section 2605, which speaks for itself.  Wells Fargo denies any allegations in paragraph 137 of the Complaint to the extent inconsistent therewith.

138.     Wells Fargo states that paragraph 138 of the Complaint purports to quote portions of 12 U.S.C. §2605(m), which speaks for itself.  Wells Fargo denies any allegations in paragraph 138 of the Complaint to the extent inconsistent therewith.

139.     Wells Fargo denies the allegations and legal conclusions in paragraph 139 of the Complaint.

140.     Wells Fargo denies the allegations and legal conclusions in paragraph 140 of the Complaint.

141.     Wells Fargo denies the allegations and legal conclusions in paragraph 141 of the Complaint.

142.     Wells Fargo denies the allegations and legal conclusions in paragraph 142 of the Complaint.

Wells Fargo denies the allegations and legal conclusions of the Wherefore Clause following Count VII of the Complaint, and further denies that Plaintiff has stated a cause of action or is entitled to the relief sought or damages claimed in the Complaint.

## COUNT VIII-VIOLATION OF SECTION 701.04(1)(a) FLORIDA STATUTES

143.     Wells Fargo incorporates by reference its responses to paragraphs 1 through 81 of the Complaint as though fully restated herein.

144.    Wells Fargo admits that Plaintiff purports to bring this cause of action against Wells Fargo, but Wells Fargo denies that Plaintiff has stated a cause of action or is entitled to the relief sought or damages claimed in the Complaint.

145.    Wells Fargo states that paragraph 145 of the Complaint purports to quote portions of Florida Statutes §701.04(1)(a) which speaks for itself.  Wells Fargo denies any allegations in paragraph 145 of the Complaint to the extent inconsistent therewith.

146.    Wells Fargo denies the allegations and legal conclusions in paragraph 146 of the Complaint.

147.    Wells Fargo denies the allegations and legal conclusions in paragraph 147 of the Complaint.

148.    Wells Fargo denies the allegations and legal conclusions in paragraph 148 of the Complaint.

149.    Wells Fargo denies the allegations and legal conclusions in paragraph 149 of the Complaint.

Wells Fargo denies the allegations and legal conclusions of the Wherefore Clause following Count VIII of the Complaint, and further denies that Plaintiff has stated a cause of action or is entitled to the relief sought or damages claimed in the Complaint.

## <u>COUNT IX-SLANDER OF TITLE</u>

150.    Wells Fargo incorporates by reference its responses to Paragraphs 1 through 81 of the Complaint as though fully restated herein.

151.    Wells Fargo admits that Plaintiff purports to bring this cause of action against Wells Fargo, but Wells Fargo denies that Plaintiff has stated a cause of action or is entitled to the relief sought or damages claimed in the Complaint.

152.     Wells Fargo admits that the Mortgage is recorded in the Official Records of Miami-Dade County, Florida.

153.     Wells Fargo denies the allegations and legal conclusions in paragraph 153 of the Complaint.

154.     Wells Fargo denies the allegations and legal conclusions in paragraph 154 of the Complaint.

155.     Wells Fargo denies the allegations and legal conclusions in paragraph 155 of the Complaint.

156.     Wells Fargo denies the allegations and legal conclusions in paragraph 156 of the Complaint.

Wells Fargo denies the allegations and legal conclusions of the Wherefore Clause following Count IX of the Complaint, and further denies that Plaintiff has stated a cause of action or is entitled to the relief sought or damages claimed in the Complaint.

## COUNT X-TORTIOUS INTERFERENCE

157.-164.  Wells Fargo states that Count X of the Complaint does not appear directed to Wells Fargo and, therefore, no response to Count X is required  from Wells Fargo.  To the extent Plaintiff contends a response is required, Wells Fargo states that it is without sufficient knowledge or information to admit or deny the allegations in paragraphs 157 through 164 of Count X of the Complaint and, therefore, denies the allegations.

## PRAYER FOR RELIEF

Wells Fargo denies the allegations and legal conclusions of the Prayer for Relief following Count X of the Complaint, including its subparts A through M, and further denies that Plaintiff has stated a cause of action or is entitled to the relief sought or damages claimed in the Complaint.

## **GENERAL DENIAL**

Any allegations not specifically admitted herein are denied.

## **DENIAL OF JURY TRIAL DEMAND**

Wells Fargo denies that Plaintiff is entitled to a jury trial in this action.

## **AFFIRMATIVE DEFENSES**

Wells Fargo states the following defenses to Plaintiff's Complaint, without assuming the burden of proof of any such defense that would otherwise rest on Plaintiff and reserving the right to amend and/or supplement its responses to Plaintiffs' allegations, as well as these avoidances and defenses, as additional information is obtained through the discovery process or otherwise.

## **FIRST AFFIRMATIVE DEFENSE**
### **(Failure to State a Claim)**

Plaintiff fails to allege facts sufficient to state any cause of action upon which relief can be granted.

## **SECOND AFFIRMATIVE DEFENSE**
### **(Good Faith of Defendant)**

With respect to all matters alleged in the Complaint, Wells Fargo at all times acted in good faith and in conformance with all applicable government and industry standards, thus precluding any recovery by Plaintiff.

## **THIRD AFFIRMATIVE DEFENSE**
### **(Statute of Limitations)**

Some or all of Plaintiffs' claims are or may be barred or the relief sought limited by the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE
#### (Action Authorized by Terms of Mortgage and Note)

Wells Fargo conducted itself in conformity with applicable laws and regulations, including those governing banking entities; and Wells Fargo was and is entitled to fairly and lawfully exercise rights under the mortgage loan documents, including but not limited to the Promissory Note and Mortgage. Specifically, Wells Fargo is permitted to implement lender placed insurance if the Plaintiff does not maintain property insurance in accordance with the terms of the Note and Mortgage.

### FIFTH AFFIRMATIVE DEFENSE
#### (Unclean Hands of Plaintiffs)

The Complaint is barred, in whole or in part, or subject to reduction by the doctrine of "unclean hands" because Plaintiff's causes of action, if any, would not have accrued absent his failure to obtain a homeowners' policy of insurance covering the property .

### SIXTH AFFIRMATIVE DEFENSE
#### (Punitive Damages)

To the extent Plaintiff's Complaint seeks punitive damages.  Wells Fargo pleads and asserts all applicable constitutional, statutory, and common law limitations on punitive damages. Plaintiff's claim for punitive damages is barred or limited by the provisions of 15 U.S.C. § 1681n. Wells Fargo adopts by reference the defenses, criteria, limitations, standards, and constitutional protections mandated or provided by the United States Supreme Court in the following cases: *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Grp., Inc*., 532 U.S. 923 (2001); *State Farm v. Campbell*, 538 U.S. 408 (2003); *Phillip Morris USA v. Williams*, 127 S. Ct. 1057 (2007); *Exxon Shipping Co. v. Baker*, 168 S. Ct. 265 (2008).

## SEVENTH AFFIRMATIVE DEFENSE
**(Compliance with Law)**

Wells Fargo met or exceeded the requirements of all applicable laws, regulations, and standards applicable to Wells Fargo.

## EIGHTH AFFIRMATIVE DEFENSE
**(Fault of Plaintiff)**

If Plaintiff suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, and/or activities of Plaintiff and not by Wells Fargo.  Plaintiff's claims are barred or reduced by his own negligence, mistake or fraud.

## NINTH AFFIRMATIVE DEFENSE
**(Causation)**

Plaintiff fails to show that any alleged acts or omissions of Wells Fargo caused the injuries or damages claimed by Plaintiff.

## TENTH AFFIRMATIVE DEFENSE
**(Failure to Mitigate Damages)**

Plaintiff has failed, in whole or in part, to mitigate his alleged damages.

## ELEVENTH AFFIRMATIVE DEFENSE
**(Lack of Damages)**

Plaintiffs have suffered no damages resulting from any conduct on the part of Wells Fargo. Any purported damages Plaintiffs may have are from their own actions or inactions or the actions or inactions of third parties.

## TWELFTH AFFIRMATIVE DEFENSE
**(Additional Defenses)**

Wells Fargo reserves the right to assert additional defenses upon further investigation, examination of documents, and discovery.

WHEREFORE, Wells Fargo hereby requests that this Court deny the relief requested in the Complaint, enter judgment in favor of Wells Fargo, and all other relief this Court deems just and appropriate.

Dated: August 6, 2021            Respectfully submitted,


By    */s/ Jason R. Bowyer*
      Sara F. Holladay
      Florida Bar No. 026225
      sholladay@mcguirewoods.com
      Jason R. Bowyer
      Florida Bar No. 0693731
      jbowyer@mcguirewoods.com
      **McGUIREWOODS LLP**
      50 North Laura Street, Suite 3300
      Jacksonville, Florida 32202
      (904) 798-3200
      (904) 798-3207 (fax)
      flservice@mcguirewoods.com
      fladmin@mcguirewoods.com

      *Attorneys for Defendants, Wells Fargo Bank, N.A. and Wells Fargo Insurance, Inc.*

### <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF on August 6, 2021.  I also certify that the foregoing document is being served this day on the following counsel of record via transmission of Electronic Filing generated by CM/ECF:

Joseph A. Pack, Esq.
Jessey J. Krehl, Esq.
Pack Law, P.A.
51 Northeast 24th Street, Suite 108
Miami, FL 33137
Telephone: (305) 916-4500
joe@packlaw.com
jessey@packlaw.com

*Co-Counsel for Marvin Weinstein*

Roy D. Wasson, Esq.
Wasson & Associates, Chartered
28 West Flagler Street, Suite 600
Miami, FL 33130
Telephone: (305) 372-5220
roy@wassonandassociates.com

*Co-Counsel for Marvin Weinstein*

Charles Andrew Tharp, Esq.
Leiter, Belsky & Tharp
707 S.E. Third Avenue, 3rd Floor
Fort Lauderdale, FL  33316
atharp@lbtlegal.com
wstraus@lbtlegal.com

*Counsel for Defendants QBE Specialty*
*Insurance Co. and QBE First Insurance*
*Agency, Inc.*

/s/ Jason R. Bowyer
Attorney

24